UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dynell Wright El Tribe

    Plaintiff,

v.                                                                      Case No. 15-10432

Capital One Auto Finance, et al.,                    Honorable Sean F. Cox

    Defendants.

_____/

### ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Acting *pro se*, Plaintiff Dynell Wright El Tribe ("Plaintiff") filed this action against Capital One Auto Finance and Dave Lawson, d/b/a CEO of Capital One Auto Finance.[1]

Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915, but such requests must be accompanied by an "affidavit that includes a statement of all assets." 28 U.S.C. § 1915(a)(1). Plaintiff has provided such an affidavit and, having reviewed Plaintiff's application to proceed *in forma pauperis*, the Court hereby **GRANTS** Plaintiff's application to proceed *in forma pauperis* in this action.

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted."). In addition, even where a plaintiff

---

[1] A similar complaint filed by this plaintiff against these defendants was dismissed as frivolous by Judge Victoria A. Roberts on January 23, 2015. (*Wright v. Capital One Auto Finance, et al.*, Case No. 14-14783, Doc. #4).

has paid the filing fee, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are **totally implausible**, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d. 477, 479 (6th Cir. 1999) (emphasis added).

Here, Plaintiff's complaint alleges that Defendants violated the "gold clause" statute, 31 U.S.C. § 5118, as well as PL 37-10, UCC 3-603 and 18 U.S.C. § 8 by "refusing to properly adjust [plaintiff's] account causing overpayment in the amount of $2,778.89." Because these allegations are totally implausible, the Court hereby **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1).

Given this ruling, **IT IS FURTHER ORDERED** that Plaintiff's request for preliminary injunction/TRO (Compl., Doc. #1, at Ex. 3) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated:  February 17, 2015                                  S/ Sean F. Cox
                                                                                   Sean F. Cox
                                                                                   U. S. District Judge

I hereby certify that on February 17, 2015, the foregoing document was served on counsel of record via electronic means and upon Dynell Wright El Tribe via First Class mail at the address below:

Dynell El Tribe Wright
10974 Roxbury
Detroit, MI 48205

                                                                                                        S/ J. McCoy
                                                                                                            Case Manager